Filed 9/16/25  P. v. Lopez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OSCAR A. LOPEZ,<br><br>        Defendant and Appellant. | B336877<br>(Los Angeles County<br>Super. Ct. No. LA088554) |

APPEAL from an order of the Superior Court of Los Angeles County, Terrance T. Lewis, Judge.  Affirmed.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Megan Moine, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Oscar Lopez filed a petition for resentencing under Penal Code section 1172.75.[1] The trial court recalled defendant's sentence, struck two alleged prison priors, and resentenced defendant to 14 years in prison, which included a high-term sentence on one of the counts of conviction. Defendant appeals from the court's ruling. We affirm.

# II. PROCEDURAL BACKGROUND

On April 24, 2019, defendant pleaded no contest to attempted murder (§§ 664, 187, subd. (a)) and gross vehicular manslaughter while intoxicated (Veh. Code, 191.5, subd. (g)). He also admitted that he inflicted great bodily injury upon one of the victims (§ 12022.7, subd. (a)) and that he had been convicted of six felonies for which he had served two prior prison terms (§ 667.5, subd. (b)). Pursuant to the terms of the negotiated plea agreement, the trial court sentenced defendant to 16 years in state prison, comprised of: for the attempted murder conviction, a high term of nine years, plus three years for the great bodily injury enhancement, plus two years for the two prior prison term enhancements; and for the vehicular manslaughter conviction, two years to be served consecutively.

On September 19, 2023, defendant filed a resentencing petition, arguing that pursuant to section 1172.75, he was entitled to a recall of his sentence, striking of his section 667.5, subdivision (b) enhancements, and a full resentencing hearing.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

Defendant also argued that the court was limited to imposing no higher than the middle term on his attempted murder conviction and that the court should select a term of five years for that count.

On February 8, 2024, the trial court conducted a hearing on defendant's petition. The court recalled defendant's sentence and, after hearing the parties' arguments, resentenced defendant. The court stated that it had reviewed defendant's activities while in custody and although it credited defendant's participation in a "Milestone" program, it also noted that in April 2020, defendant had been found in possession of a manufactured weapon. The court then stated it had considered the totality of the circumstances and resentenced defendant, on the attempted murder count, to the high term of nine years and imposed an additional three-year consecutive sentence for the great bodily injury enhancement. On the vehicular manslaughter count, the court sentenced defendant to a two-year consecutive term. The court did not impose the section 667.5, subdivision (b) enhancements, effectively striking them. Defendant timely filed a notice of appeal.

## III. DISCUSSION

Defendant contends the trial court abused its discretion and violated his Sixth Amendment rights when it reimposed the upper term on defendant's attempted murder conviction. We disagree.

A.    *Standard of Review*

"'The proper interpretation of a statute is a question of law we review de novo.  [Citations.]'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.)  When statutory language is unambiguous, its plain meaning controls.  (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466 (*Brannon-Thompson*).)

B.    *Legal Principles and Analysis*

Until 2007, section 1170, subdivision (b) provided that "'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.'  (See § 1170, former subd. (b); Stats. 1977, ch. 165, § 15 . . . .)" (*People v. Mathis* (2025) 111 Cal.App.5th 359, 370, review granted Aug. 13, 2025, S291628 (*Mathis*).)  "In 2007, however, the United States Supreme Court held that California's upper term sentencing scheme violated the Sixth Amendment right to a jury trial because it allowed a defendant's prison sentence to be increased beyond the statutory maximum based on facts that had not been found true beyond a reasonable doubt by a jury or admitted by the defendant.  (See *Cunningham v. California* (2007) 549 U.S. 270, 274–275 (*Cunninham*); see also [*People v.*] *Lynch* [(2024)] 16 Cal.5th [730,] 746–747.)" (*Mathis, supra*, 111 Cal.App.5th at p. 370.)

*Cunningham, supra*, 549 U.S. 270, explained the Sixth Amendment requires any fact that exposes a defendant to a potentially greater sentence, except for prior conviction allegations, must be found by a jury beyond a reasonable doubt. (*Mathis, supra*, 111 Cal.App.5th at p. 370.)  "*Cunningham* noted

4

that California could comply with the Sixth Amendment either by [(1)] requiring jury findings for any facts necessary to impose an aggravated sentence, or by [(2)] authorizing sentencing courts "'to exercise broad discretion . . . within a statutory range.'"" (*Id.* at pp. 370–371.)

In 2007, the California Legislature responded to *Cunningham, supra*, 549 U.S. 270, by amending section 1170, subdivision (b) to grant trial courts broad discretion to choose between the lower, middle, and upper terms—i.e., it adopted *Cunningham's* second option. (*Mathis, supra*, 111 Cal.App.5th at p. 371.) Effective January 1, 2022, the Legislature changed course and adopted *Cunningham's* first option, amending section 1170, subdivisions (b)(1) and (2) in part to provide that when a "'statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term,'" except that the court may impose a sentence exceeding the middle term when "'there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' [Citations.]" (*Mathis, supra*, 111 Cal.App.5th at p. 371.)

Section 1172.75, subdivision (d)(4) provides, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true

beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Courts are split on whether section 1172.75, subdivision (d)(4) permits a trial court to reimpose an upper term sentence where the facts underlying an aggravating circumstance were neither stipulated to by the defendant nor found true by the trier of fact beyond a reasonable doubt. (Compare *Brannon-Thompson, supra*, 104 Cal.App.5th at pp. 466–467 [a court may reimpose an upper term originally imposed] with *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330 (*Gonzalez*) [rejecting *Brannon-Thompson*'s construction of §1172.75, subd. (d)(4)].)[2]

We agree with *Brannon-Thompson's* analysis that giving section 1172.75, subdivision (d)(4)'s "language its plain meaning, it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term *for the first time* at a section 1172.75 resentencing. Section 1172.75, subdivision (d)(4) is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson, supra*, 104 Cal.App.5th at pp. 466–467, italics added.) Accordingly, the trial court did not err in resentencing defendant to the upper term.

---

[2] Our Supreme Court has granted a petition for review that addresses the split between *Brannon-Thompson* and *Gonzalez*. (*Mathis, supra,* 111 Cal.App.5th 373, fn. 6, citing *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903).)

## IV.   DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.